# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| IBEW HEALTH & WELFARE TRUST OF SOUTHWEST WASHINGTON, ) ) ) | No. 76035-1-I |
| Respondent, ) ) | |
| ) | DIVISION ONE |
| v. ) ) | |
| DONALD RUTHERFORD AND ROBERTA CRAWFORD, ) ) ) | UNPUBLISHED OPINION |
| Appellants. ) | FILED: <u>January 23, 2017</u> |

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED
2017 JAN 23 AM 11:01

SPEARMAN, J. — Under CR 9(b), a complaint alleging fraud must be plead with particularity. The plaintiff's complaint in this case adequately described Donald Rutherford's alleged fraudulent conduct, but failed to sufficiently describe fraudulent conduct by Roberta Crawford. Therefore, we reverse and dismiss the judgment against Crawford, but affirm the judgment against Rutherford.

## FACTS

Rutherford was eligible to participate in the IBEW Health and Welfare Trust of Southwest Washington (IBEW) health plan through his employment. In July 2002, he enrolled his partner, Crawford, in the health plan, whom IBEW alleges was not an eligible dependent. During a dependent verification process in March 2012, IBEW terminated Crawford from coverage because she and

Rutherford were not married. Two months later, Crawford re-enrolled in IBEW after submitting an affidavit of domestic partnership.

On July 31, 2013, IBEW filed a complaint against Rutherford and Crawford (collectively, Rutherford) in Pierce County Superior Court. IBEW claimed it was entitled to repayment for $55,158.96 in medical benefits paid on behalf of Crawford while she was allegedly enrolled as an ineligible dependent. In its complaint, IBEW alleged that the "actions of the Defendants rise to the level of fraud and/or serious wrongdoing and thus give rise to a restitution claim under 29 US.C [sic] § 1132(a)(3). As a result of Defendants' wrongdoing, Plaintiff Trust Fund expended $55,158.96 in overpaid medical benefits." Clerk's Papers (CP) at 4.

On May 15, 2014, IBEW obtained a default judgment against Rutherford for $57,141.69 and began garnishing his wages. CP at 50-51. On May 18, 2015, Rutherford moved to vacate the default judgment, arguing that the trial court did not have subject matter jurisdiction over the Employee Retirement Security Act of 1974 (ERISA) claim pled by IBEW. IBEW argued in response that its complaint contained a common law fraud claim over which the trial court had jurisdiction.

The trial court vacated the order of default judgment on the condition that Rutherford pay $5,000 in terms to IBEW within 60 days. Arguing that his garnished wages offset the terms, Rutherford did not pay and moved to dismiss the complaint. On January 22, 2016, the trial court denied the motion to dismiss and reinstated the order on default judgment because Rutherford had not paid the terms. Rutherford appeals.

2

## DISCUSSION

Rutherford argues that IBEW's complaint insufficiently alleges a state law fraud claim so the action must be dismissed for lack of subject matter jurisdiction over the remaining ERISA claim.[1] Rutherford contends that IBEW failed to allege fraud in its complaint because it did not plead each element of fraud with particularity as to both Crawford and Rutherford.

Complaints that allege fraud must state the circumstances constituting fraud with "particularity." CR 9(b). "A complaint adequately alleges fraud if it informs the defendant of who did what, and describes the fraudulent conduct and mechanisms." Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 165, 744 P.2d 1032 (1987). A complaint alleging fraud is sufficient "as long as facts are pleaded sufficient to present the question of fraud." Pedersen v. Bibioff, 64 Wn. App. 710, 721, 828 P.2d 1113 (1992) (citing Harstad v. Frol, 41 Wn. App. 294, 301, 704 P.2d 638 (1985)).

---

[1] The superior court does not have jurisdiction over IBEW's ERISA claim. Federal district courts have exclusive jurisdiction of a civil action brought under 29 U.S.C. § 1132(a)(3). See, 29 U.S.C. § 1132(e)(1).

IBEW contends that it pled facts sufficient to present the question of fraud.[2] Fraud requires:

---

[2] The complaint pleads the following facts:

3.1 Plaintiff Trust Fund has established a medical benefit plan to provide for medical and other benefits to eligible employees, their legal spouses and children, their domestic partners and their domestic partner's children.

3.2 Defendant, DONALD RUTHERFORD, was eligible to participate in Plaintiff Trust Fund's medical plan because he was a member of the IBEW Local 76 bargaining unit at his place of employment and earned a sufficient number of covered hours to earn eligibility for benefits under the terms of the Trust Fund's written benefit plan.

3.3 On or about July 1, 2002, Defendant, DONALD RUTHERFORD, enrolled in the Plaintiff Trust Fund's medical plan and also enrolled Defendant, ROBERTA CRAWFORD, alleging they were married on June 28, 2002, and she was thus an eligible dependent.

3.4 During the dependent verification process conducted by the Trust Administrative Agent, it was discovered that Defendant, DONALD RUTHERFORD and Defendant, ROBERTA CRAWFORD, were never legally married. As a result of this discovery by the Trust, Ms. Crawford's dependent eligibility was immediately terminated.

3.5 Defendant, DONALD RUTHERFORD, fraudulently induced the Plaintiff Trust Fund to provide dependent medical benefits to Defendant, ROBERTA CRAWFORD, by his representation to the Trust that the two were married. This representation was false.

3.6 Defendant, ROBERTA CRAWFORD, also fraudulently induced the Plaintiff Trust Fund to provide her with dependent medical benefits and failed to disclose to Plaintiff Trust Funds that she was not legally married to Defendant, DONALD RUTHERFORD.

3.7 Plaintiff Trust Fund relied on Defendants' fraudulent representations that they were legal married that Defendant, ROBERTA CRAWFORD, was eligible for benefits under the terms of the Plan.

3.8. Because of the Defendants' representations, Plaintiff Trust Fund overpaid medical benefits on behalf of Defendant, ROBERTA CRAWFORD, from January 1, 2007 through February 29, 2012, in the amount of $55,158.96.

3.9 Defendants wrongfully engaged and participated in a prohibited transaction as defined by §406 ERISA, 29 US.C. § 1106, by securing assets from Plaintiff Trust Fund for ineligible persons by claiming Defendant, ROBERTA CRAWFORD, was his legal wife, and that she was eligible under the terms of the medical plan with Plaintiff Trust Fund.

3.10 Both Defendants furthered and rendered assistance to this prohibited transaction failing to disclose their domestic partnership status and by accepting benefits from Plaintiff Trust Fund to which they were not entitled.

3.11 Both Defendants were unjustly enriched when they received medical benefits from Plaintiff Trust Fund when they were not eligible for these benefits. These benefits are plan assets, and were received wrongfully, negligently, and/or by fraud.

3.12 Plaintiff Trust Fund has a fiduciary duty to protect trust assets, which includes a duty to recover assets wrongfully paid out as the result of fraud and/ or other wrongful acts. The purpose of the Trust Fund is furthered by the recovery of such assets.

(1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the defendant knew the fact was false or was ignorant of its truth; (5) the defendant intended the plaintiff to act on the fact; (6) the plaintiff did not know the fact was false; (7) the plaintiff relied on the truth of the fact; (8) the plaintiff had a right to rely on it; and (9) the plaintiff had damages.

Baddeley v. Seek, 138 Wn. App. 333, 338-39, 156 P.3d 959 (2007) (citing Baertachi v. Jordan, 68 Wn.2d 478, 482, 413 P.2d 657 (1966)).

IBEW's complaint alleges that during heath plan enrollment in July 2002, Rutherford represented that he was married to Crawford in order to induce the health plan to provide benefits for Crawford. Although the complaint avers that Crawford "fraudulently induced" IBEW to provide medical benefits, it nowhere alleges that she made any representations or knowingly withheld any information. Indeed, the complaint fails to describe any interaction between Crawford and IBEW other than that she received medical payments. We conclude that under CR 9(b), the complaint sufficiently alleges Rutherford's fraudulent conduct, but does not allege fraudulent conduct by Crawford.

Rutherford next argues that IBEW's claim is barred by the statute of limitations.[3] An action for fraud must be commenced within three years. RCW 4.16.080(4). The cause of action is not deemed to have accrued until the plaintiff discovers the facts constituting the fraud. Id. IBEW alleges that it discovered Rutherford's alleged fraud in 2012 during a dependent verification process. Rutherford contends, however, that IBEW's claim is limited to the three years

---

[3] Rutherford argues that both the common law fraud and ERISA claim are time-barred. Because federal district court has exclusive jurisdiction over IBEW's ERISA claim, we express no opinion on its timeliness.

before filing this lawsuit. This is so, they argue, because, with the exercise of due diligence, IBEW could have discovered the information that led to its claim of fraud at any time since 2002. We reject the argument because Rutherford cites to nothing in the record in support of it.

We conclude that under RCW 4.16.080(4), IBEW's cause of action for fraud did not accrue until March 2012. Because IBEW filed its complaint in July 2013, its claim is well within the statute of limitations.

Finally, Rutherford argues that the trial court erred in awarding IBEW attorney fees pursuant to ERISA because the trial court had no subject matter jurisdiction over that claim. We agree. Because there is no ERISA claim before the court, its fee provisions do not apply. IBEW has not provided authority under which it may recover attorney fees for its fraud claim.

Attorney Fees

Rutherford requests attorney fees and costs on appeal under 29 U.S.C. §1132(g)(1), which gives the court discretion to award fees to either party in an ERISA action. We decline to award fees and costs on appeal.

Affirmed in part and reversed in part.

Spelman, J.

WE CONCUR: